UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
COLLEEN E. CORCORAN,

              Plaintiff,

-against-

FRONTIER COMMUNICATIONS OF NEW
YORK, INC., CITIZENS TELECOMMUNICATIONS
COMPANY OF NEW YORK, INC., and
HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY.

              Defendants.
------------------------------------------------------------X

Index #
Date Purchased:

**COMPLAINT**

JUDGE CONNER

07 CIV. 9527

    The Plaintiff, COLLEEN E. CORCORAN, by her attorney, Barry D. Haberman, Esq., complaining of the Defendants, FRONTIER COMMUNICATIONS OF NEW YORK, INC., CITIZENS TELECOMMUNICATIONS COMPANY OF NEW YORK, INC., and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY. respectfully alleges as follows:

    1.    The Plaintiff, Colleen E. Corcoran, herein referred to as "Corcoran", is a Pennsylvania resident, domiciled at 514 East John Street, Bedford, Pennsylvania.

    2.    Upon information and belief, Defendant, Frontier Communications of New York, herein referred to as "Frontier", is a New York corporation, authorized to conduct business in the State of New York.

    3.    Upon information and belief, principal executive office of the Defendant, "Frontier" is located at 3 High Ridge Park, Stamford, Connecticut, 06905.

    4.    Upon information and belief, the Defendant, "Frontier's" County of incorporation is Orange County, New York.

5. Upon information and belief, Orange County, New York is located within the jurisdiction of the Southern District of New York.

6. Upon information and belief, the Defendant, "Frontier's" address for service by the New York Secretary of State is 111 Eighth Avenue New York, New York, 10011.

7. Upon information and belief, the Defendant, "Frontier's" address for service by the New York Secretary of State is located within the jurisdiction of the Southern District of New York.

8. Upon information and belief, Defendant, Citizens Telecommunications Company of New York, Inc., herein referred to as "Citizens", is a New York corporation, authorized to conduct business in the State of New York.

9. Upon information and belief, principal executive office of the Defendant, "Citizens" is located at 3 High Ridge Park, Stamford, Connecticut, 06905.

10. Upon information and belief, the Defendant, "Citizen's" address for service by the New York Secretary of State is 111 Eighth Avenue, New York, New York, 10011.

11. Upon information and belief, the Defendant, "Citizen's" address for service by the New York Secretary of State is located within the jurisdiction of the Southern District of New York.

12. Upon information and belief, Defendant, Hartford Life And Accident Insurance Company, herein referred to as "Hartford", is a foreign corporation.

13. Upon information and belief, principal executive office of the Defendant, "Hartford" is located at 20 Hopmeadow Street, Simsbury, CT 06089.

14. Upon information and belief, the Defendant, "Hartford's" address for service by the New York Secretary of State is 111 Eighth Avenue, New York, New York, 10011.

15. Upon information and belief the Plaintiff, "Corcoran" was employed by Defendants, "Frontier" and "Citizens" at their offices located at 19 John Street, Middletown, New York, 10940, which is located in Orange County, New York, and same is within the jurisdiction of the Southern District of New York.

16. Upon information and belief, a substantial part of the events giving rise to this instant action occurred in the Southern District of New York.

17. Upon information and belief, all of the Defendants may be found in the Southern District of New York.

18. The dominant subject matter of this Verified Complaint is grounded in the Employee Retirement Income Security Act ("ERISA") sec. 502 et seq., 29 U.S.C. sec. 1132 et seq.,

19. Under 28 U.S.C. sec. 1331, actions grounded in "ERISA", are permitted to be brought before United States Courts.

20. Pursuant to 29 U.S.C. sec. 1132(e)(1) jurisdiction in this action lies with the District Court

21. Pursuant to 29 U.S.C. sec. 1132(e)(2) venue is proper in the Southern District of New York.

22. The Plaintiff, "Corcoran" demands a jury trial to resolve all issues in this action.

## AS AND FOR A FIRST CAUSE OF ACTION

23. The Plaintiff, "Corcoran", repeats and reiterates each and every allegation hereinbefore set forth, with the same force and effect as if set forth herein.

24. At all times relevant to this action, the Plaintiff was an employee of Defendant, "Frontier" and/or Defendant, "Citizen."

25. At all times relevant to this action, the Plaintiff was covered by the Defendant, "Frontier's" and/or Defendant, "Citizen's" Long Term Disability Insurance policy, said policy number GTL674949.

26. Upon information and belief, Defendant, "Hartford" was and is the Administrator of said Long Term Disability Insurance policy.

27. On or about April 30, 2004, the Plaintiff became pregnant.

28. On said date, the Plaintiff was employed by Defendant, "Frontier" and/or Defendant, "Citizen."

29. As the result of the pregnancy, the Plaintiff suffered from various medical ailments which required the Plaintiff to cease work.

30. July 20, 2004 was the Plaintiff's last full day at work for Defendants "Frontier" and/or "Citizen."

31. The Plaintiff remained pregnant until January 22, 2005, when she delivered via cesarean section an 11 pound 2.6 ounces boy.

32. Due to complications from pregnancy, the Plaintiff applied for Short Term Disability Benefits. Short Term Disability Benefit application was submitted on July 24, 2004 and resubmitted on September 14, 2004.

33. The Plaintiff's treating health care provider determined that the Plaintiff was suffering from hyperemesis, sciatica, severe vomiting, placenta previa, low back pain, stress and panic attacks.

34. The Plaintiff applied for Short Term Disability Benefits through the State of New York Workers' Compensation Board. Defendant, "Hartford" represented the interests of Defendants, "Frontier" and "Citizens." The application was designated DB No. 070722062.

35. The Plaintiff was examined by her medical providers and submitted to the Workers' Compensation Board competent medical records.

36. The Defendant, "Hartford" never required the Plaintiff to undergo a medical examination by a physician of the Defendant, "Hartford's" choosing.

37. On June 3, 2005, the Defendant, "Hartford" appeared at a Workers' Compensation Board Hearing on behalf of Defendants, "Frontier" and "Citizens".

38. On June 3, 2005, at said Hearing, Mark Lawrence appeared to give testimony on behalf of the Plaintiff's employer, Defendants "Frontier" and "Citizens."

39. On June 3, 2005, the Defendants failed to introduce any medical evidence or reports to support their contention that the Plaintiff was not entitled to Short Term Disability Benefits.

40. In a decision dated August 25, 2005, the Workers' Compensation Board (Farrell – WC Judge) determined that the Plaintiff, "…was totally disabled in that she was incapable of performing the duties of her regular employment or of any employment offered by the employer at her regular wages." The Workers' Compensation Board

determined that the Plaintiff was entitled to benefits from July 20, 2004 through March 21, 2005.

41.     Upon information and belief, the Defendants did not appeal the determination of the Workers' Compensation Board, and the determination of the Workers' Compensation Board became binding upon all of the Defendants herein.

42.     Thus, under the principle of *res judicata* and/or issue preclusion, the Defendants herein are estopped from contesting the Plaintiff's medical condition and or ability to perform the duties of her employment.

43.     Upon information and belief, the Plaintiff applied for and was granted leave from employment pursuant to the provisions of the Family and Medical Leave Act. The leave expired on November 11, 2004.

44.     Upon information and belief, even though the Plaintiff was medically entitled to disability leave, Defendant, "Frontier" and/or Defendant, "Citizens" required the Plaintiff to return to work.

45.     Due to the above, on November 11, 2004 the Plaintiff attempted to return to work. On same date, the Plaintiff collapsed at work requiring treatment in the emergency room of Orange Regional Medical Center, Horton Campus. The Plaintiff was transported from her place of employment to the hospital via an ambulance.

46.     With knowledge of the Plaintiff's medical condition (inability to work full time), Defendant, "Frontier" and/or Defendant, "Citizens" terminated the employment of the Plaintiff effective November 18, 2004.

47. Prior to the termination of the Plaintiff's employment, the Plaintiff filed an application for Long Term Disability Benefits with her employer, Defendant "Frontier" and/or Defendant, "Citizens."

48. Upon information and belief, Defendant, "Hartford" was and is the carrier for Long Term Disability Benefits for Defendant "Frontier" and/or Defendant, "Citizens" and hence the Plaintiff's application for Long Term Disability Benefits was forwarded to Defendant, 'Hartford."

49. On or about January 20, 2005, Defendant, "Hartford" denied the Plaintiff's application for Long Term Disability Benefits. (See Exhibit 1 attached herein.)

50. Upon information and belief, in making the initial determination to deny the Plaintiff's application for Long Term Disability Benefits, the Defendant, "Hartford" did not demonstrate that the medical information provided was reviewed by a physician.

51. As stated above, at no time did Defendant, "Hartford" request a medical examination of the Plaintiff.

52. The Plaintiff's disability, caused by her pregnancy satisfies an element of the policy.

53. Pursuant to the terms of the policy, the Plaintiff is considered disabled if during the 24 months following the Elimination Period she was "prevented from performing one or more of the Essential Duties of Your Occupation, and as a result your Current Monthly Earnings are less than 80% of your Indexed Pre-disability Earnings."

7

54. The letter of denial acknowledges that an "essential duty" of the Plaintiff's occupation requires the Plaintiff to be at work for all hours during the regularly scheduled workweek. (See Plaintiff's Exhibit 1.)

55. The Plaintiff had provided her employer, Defendant, "Frontier" and/or Defendant, "Citizens" with documentation from her medical provider that she was unable to work a full day. In fact, the Plaintiff provided documentation that she could only work four (4) hours per day.

56. The Plaintiff had provided Defendant, "Hartford" with documentation from her from her medical provider that she was unable to work a full day. In fact, the Plaintiff provided documentation that she could only work four (4) hours per day.

57. In as much as the Defendant, "Hartford" had actual knowledge that the Plaintiff's disability was caused by her pregnancy and that she was unable to work all the hours in her regularly scheduled workweek, the denial of her application for Long Term Disability Benefits was arbitrary and capricious.

58. In as much as the Plaintiff satisfied the conditions of the policy for receipt of benefits, the denial of such benefits by the Defendant, "Hartford" was arbitrary and capricious.

59. The Plaintiff timely appealed the denial of benefits.

60. On August 18, 2005, the Defendant, "Hartford" upheld denial of Long Term Disability Benefits to the Plaintiff. (See Plaintiff's Exhibit 2.)

61. Upon information and belief, the Defendant, "Hartford" relied upon reports issued by University Disability Consortium, said reports produced by University Disability Consortium based solely upon a review of medical records provided by the

Plaintiff (no medical examination of the Plaintiff ever occurred by University Disability Consortium, the Defendant, "Hartford" or by an agent of said Defendant.)

62. Upon information and belief, said reports, dated August 17, 2005, demonstrate that the reviewing doctors merely examined medical records, as said reviewing doctors never examined the Plaintiff.

63. Upon information and belief, a conflict of interest exists because the Defendant, "Hartford" is both the determinator of the qualification for insurance benefits and the provider (responsible financial party) for such insurance benefits (financial interest of Defendant "Hartford" to deny benefits, thereby relieving Defendant, "Hartford" of financial obligation for paying such benefits.)

64. Upon information and belief, Defendant, "Hartford" has placed its own interests above those of its insured, the Plaintiff herein.

65. Upon information and belief, University Disability Consortium is not a disinterested third party, as University Disability Consortium receives over 75% of its annual business from Defendant, "Hartford" (in 2004 Defendant, "Hartford" paid University Disability Consortium the sum of $2,781,328 in 2004, while in the same year, University Disability Consortium performed 2185 evaluations for Defendant, "Hartford").

66. Upon information and belief, University Disability Consortium provides a volume discount to Defendant, "Hartford" leading to an incentive for University Disability Consortium to render determinations favorable to Defendant, "Hartford."

67. Upon information and belief, the report of Dr. Shereen Beverly (Plaintiff's Exhibit 3) and the report of Dr. Andrea Wagner (Plaintiff's Exhibit 4) failed to directly

address the definition of Disability as set forth in the policy and as stated in the denial letter of January 20, 2005 ("you are prevented from performing one or more of the Essential Duties of Your Occupation), with Essential Duties further defined as "to be at work the number of hours in your regularly scheduled workweek." (See Plaintiff's Exhibit 1.)

68. The Plaintiff was never examined by Dr. Beverly, nor did she have any written or oral communication with Dr. Beverly.

69. Upon information and belief, the report of Dr. Beverly does not indicate that she ever reviewed the job description of the Plaintiff. The report does not discuss in any manner whatsoever the Plaintiff's documentation that she was unable to work the number of hours in her regularly scheduled workweek, other than notating same was stated by the Plaintiff and/or her physician(s). (See Plaintiff's Exhibit 3.)

70. Upon information and belief, the two questions that Dr. Beverly was asked to answer, are not contained anywhere in the Long Term Disability Policy plan, and hence, there is no apparent relevance to the questions.

71. The Plaintiff was never examined by Dr. Wagner, nor did she have any written or oral communication with Dr. Wagner.

72. Upon information and belief, the report of Dr. Wagner does not indicate that she ever reviewed the job description of the Plaintiff. The report does not discuss in any manner whatsoever the Plaintiff's documentation that she was unable to work the number of hours in her regularly scheduled workweek, other than notating same was stated by the Plaintiff and/or her physician(s). (See Plaintiff's Exhibit 4.)

73. Upon information and belief, the stated purpose of Dr. Wagner's report is not contained anywhere in the Long Term Disability Policy plan, and hence, there is no apparent relevance.

74. Dr. Wagner's report is without credit based upon the statement, "The record does not include any objective data." This demonstrates purposeful omission of consideration of the materials provided by the Plaintiff's medical providers, to the extent that one must question the objectivity of Dr. Wagner.

75. Defendant, "Hartford's" denial letter dated August 18, 2005, never discusses the Plaintiff's ability to perform the essential duties of her employment, necessary for analysis of the definition of Disability pursuant to the Plan. Said letter never discusses the fact that the Plaintiff submitted medical documentation that she was unable to work more than four (4) hours a day. The denial letter never discusses the Plaintiff's job description. All of these items are specifically mentioned in the Plan as defining eligibility. The denial letter (and the reports of the reviewing doctors) discuss "functionality" a term not defined or contained in the Plan in any manner whatsoever.

76. It is also notable that the report of Dr. Beverly, relied upon by Defendant, "Hartford" states "after review of all records from the time period from 7/21/04 through 10/17/04, it appears that the claimant should have the capacity to work." This directly contradicted by the records in the possession of Defendant, "Hartford" granting the Plaintiff leave pursuant to FMLA during the same time period, with the Plaintiff providing all of the Defendants the required Certification of Health Care Provider certifying that the Plaintiff suffered a serious health condition and that the Plaintiff was "currently incapacitated." The Certification further stated that the Plaintiff was unable to

work. Based upon this Certification, the Defendants continued the Plaintiff's leave under FMLA. (See Plaintiff's Exhibit 5.)

77. Based upon the foregoing, the determination by the Defendant, "Hartford" to deny the Plaintiff's application for Long Term Disability Insurance was arbitrary and capricious, as said decision was not based upon substantial evidence.

78. Based upon the conflicts of interest demonstrated above, the proper standard of review of the determination of by Defendant, "Hartford" is *de novo*.

79. Upon information and belief, the Plaintiff was eligible to receive benefits pursuant to the provisions of the Long Term Disability policy commencing on October 18, 2004.

80. Upon information and belief, the Plaintiff was able to return to work on March 22, 2005.

81. Pursuant to the terms of the Long Term Disability policy, the Plaintiff was entitled to benefits for the period encompassing October 18, 2004 through and including March 22, 2005.

82. Upon information and belief, Defendant, "Hartford" wrongfully denied the Plaintiff the benefits to which she was entitled to pursuant to the terms of the Plan.

83. Upon information and belief, the Plaintiff's monthly pre-disability earnings was $3,121.73.

84. Upon information and belief, pursuant to the terms of the plan, the Plaintiff was entitled to monthly pay of 66 and 2/3%.

85. Upon information and belief, pursuant to the terms of the plan, the Plaintiff was entitled to monthly pay in the amount of $2,082.20.

86. Upon information and belief, pursuant to the terms of the Plan, the Plaintiff was entitled to receive benefits for five (5) months, said benefit amount $10,411.00.

87. Pursuant to the provisions of 29 U.S.C. sec. 1132(a)(1)(B), the Plaintiff is entitled to recover the benefits due to her pursuant to the terms of the Plan.

88. Thus, pursuant to the provisions of 29 U.S.C. sec. 1132(a)(1)(B), the Plaintiff is entitled to recover from Defendant, "Hartford" the sum of $10,411.00.

89. The acts of Defendant, "Hartford" as stated above constitutes "bad faith" and/or "ill will."

90. Thus, pursuant to the provisions of 29 U.S.C. sec. 1132(a)(1)(B), the Plaintiff is entitled to recover from Defendant, "Hartford" prejudgment interest in an amount to be determined at trial.

91. The Plaintiff also seeks attorney fees and costs pursuant to the provisions of 29 U.S.C. sec. 1132(g)(1), as Defendant, "Hartford" is culpable for the legal expenses of the Plaintiff.

## AS AND FOR A SECOND CAUSE OF ACTION

92. The Plaintiff, "Corcoran", repeats and reiterates each and every allegation hereinbefore set forth, with the same force and effect as if set forth herein.

93. On or about April 8, 2005, the Plaintiff wrote to Defendant, "Hartford" requesting all documents and communications regarding the determination of her application for short term and long term disability benefits. No response was received to said correspondence.

94. On or about May 10, 2005, the Plaintiff wrote to Defendant, "Hartford" requesting all documents and communications regarding the determination of her application for short term and long term disability benefits. No response was received to said correspondence.

95. On or about September 11, 2005, the Plaintiff wrote to Defendant, "Hartford" again requesting all documents and communications regarding the determination of her application for long term disability benefits. (Short term disability benefits having been awarded in the intervening period.) No response was received to said correspondence.

96. Upon information and belief, the Plaintiff did not receive all of the relevant documents regarding her application for Long Term Disability Benefits until March 1, 2006.

97. Upon information and belief, the Defendant, "Hartford" took 328 days to provide the Plaintiff with information required to be produced pursuant to 29 U.S.C. sec. 1133(2).

98. Pursuant to the provisions of 29 U.S.C. sec. 1132(c)(1)(B), said material is required to be mailed to the requesting participant or beneficiary within 30 days of the request.

99. Thus, the Defendant, "Hartford" provided the information 298 days after said material was required to be produced as set forth by statute.

100. Pursuant to the provisions of 29 U.S.C. sec. 1132(c)(1)(B), the Administrator of the Plan, (Defendant, "Hartford" herein) can be deemed by this Court

liable to the Plaintiff in the amount of $100.00 per day for each day that said Defendant failed to provide the material required by statute (after the initial 30 day period.)

101. Thus, the Plaintiff seeks receipt of a penalty from the Defendant, "Hartford" in the amount of $100.00 for 298 days, said penalty in the amount of $28,900.00.

102. The Plaintiff also seeks attorney fees and costs pursuant to the provisions of 29 U.S.C. sec. 1132(g)(1).

## AS AND FOR A THIRD CAUSE OF ACTION

103. The Plaintiff, "Corcoran", repeats and reiterates each and every allegation hereinbefore set forth, with the same force and effect as if set forth herein.

104. On November 18, 2004 Defendant, "Frontier" and/or Defendant, "Citizens" terminated the employment of the Plaintiff.

105. Upon information and belief, Mark Lawrence, the Human Resources Manager of the Defendants, "Frontier" and/or "Citizens" made the determination to terminate the employment, even though Mr. Lawrence had actual knowledge of the Plaintiff's disability.

106. Due to the termination of the Plaintiff's employment, the Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission and the State of New York Division of Human Rights.

107. Upon information and belief, Mark Lawrence, in his capacity as Human Resources Manager, on behalf of his employer(s) Defendants, "Frontier" and/or "Citizens", provided misleading and false information to Defendant, "Hartford" in order prevent the Plaintiff from receiving benefits under the Long Term Disability policy.

108. Upon information and belief, the acts of Mark Lawrence were in retaliation for filing the Plaintiff's filing of a complaint of discrimination.

109. Pursuant to the provisions of "Title VII" and New York State Human Rights Law, retaliatory acts in response for the filing of a Complaint with the EEOC and/or the State of New York Division of Human Rights are prohibited.

110. The Plaintiff herein seeks the compensation she would have received pursuant to the provisions of the Long Term Disability policy but for the wrongful acts of Defendants, "Frontier" and "Citizens."

111. Thus, the Plaintiff seeks the sum of $10,411.00 jointly and severally, from the Defendants Frontier" and/or "Citizens" under the provisions of "Title VII."

112. Thus, the Plaintiff seeks the sum of $10,411.00 jointly and severally, from the Defendants, "Frontier" and/or "Citizens" under the provisions of New York State Human Rights Law.

113. Upon information and belief, Defendants, "Frontier" and/or "Citizens" employee 500 or more people.

114. Thus, the Plaintiff seeks the sum of $300,000.00 in punitive damages, jointly and severally from Defendants, "Frontier" and/or "Citizens", pursuant to the provisions of "Title VII."

115. The Plaintiff also seeks attorney fees and costs jointly and severally from Defendants, "Frontier" and/or "Citizens", pursuant to the provisions of "Title VII."

**WHEREFORE,** the Plaintiff, COLLEEN E. CORCORAN demands judgment:

(1) Against Defendant, "Hartford" in the amount of $10,411.00, said amount representing monies due under the Long Term Disability policy, pursuant to the provisions of 29 U.S.C. sec. 1132(a)(1)(B);

(2) Against Defendant, "Hartford" for prejudgment interest pursuant to the provisions of 29 U.S.C. sec. 1132(a)(1)(B);

(3) Against Defendant, "Hartford" for attorney fees and costs pursuant to the provisions of 29 U.S.C. sec. 1132(g)(1) for failure to provide benefits under the Long Term Disability policy;

(4) Against Defendant, "Hartford" in the amount of $28,900.00, said amount representing monies due because of the Defendant, "Hartford's" failure to provide information as required by the provisions of 29 U.S.C. sec. 1132(c)(1)(B);

(5) Against Defendant, "Hartford" for attorney fees and costs pursuant to the provisions of 29 U.S.C. sec. 1132(g)(1) for failure to provide the information required by 29 U.S.C. sec. 1132(c)(1)(B);

(6) Against the Defendants, "Frontier" and "Citizens", jointly and severally, in the amount of $10,411.00, for retaliatory acts in violation of the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq., as amended in 1991, ("Title VII");

(7) Against the Defendants, "Frontier" and "Citizens", jointly and severally, in the amount of $300,000.00 in punitive damages pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq., as amended in 1991, ("Title VII");

(8) Against the Defendants, "Frontier" and "Citizens", jointly and severally for attorney fees and costs pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq., as amended in 1991, ("Title VII");

(9) Against the Defendants, "Frontier" and "Citizens", jointly and severally, in the amount of $10,411.00, for retaliatory acts in violation of the provisions of New York State Human Rights Law, Executive Law (Article 15), sec. 290 et. seq.

(10) Granting to Plaintiff such other and further relief as the Court deems just and proper.

Dated: New City, New York
       September 20, 2007

                                        BARRY D. HABERMAN, ESQ.
Attorney for Plaintiff,
COLLEEN E. CORCORAN
254 South Main Street, #401
New City, New York 10956
845-638-4294