
Hartford Life

January 20, 2005

Colleen Corcoran
43 Woodlawn Avenue
Middletown, NY 10940

| | |
|---|---|
| Policy Holder: | Citizens Communications Company |
| Claimant: | Colleen Corcoran |
| Policy Number: | GLT674949 |

Dear Ms. Corcoran:

We are writing to you about your claim for Long Term Disability (LTD) benefits. These benefits are under the group insurance policy number GLT674949 for Citizens Communications Company.

We have completed our review of your claim for benefits and have determined you do not meet the policy definition of Disability. Because of this, Long Term Disability benefits are not payable to under the terms of this policy.

Your policy states:

"Disability or Disabled means:
1. during the Elimination Period, you are prevented from performing one or more of the Essential Duties of Your Occupation;
2. for the 24 months following the Elimination Period, you are prevented from performing one or more of the Essential Duties of Your Occupation, and as a result your Current Monthly Earnings are less than 80% of your Indexed Pre-disability Earnings;
3. After that, you are prevented from performing one or more of the Essential Duties of Any Occupation.

If at the end of the Elimination Period, you are prevented from performing one or more of the Essential Duties of Your Occupation, but your Current Monthly Earnings are greater than 80% of your Pre-disability Earnings, your Elimination Period will be extended for a total period of 12 months from the original Date of Disability, or until such time as your Current Monthly Earnings are less than 80% of your Pre-disability Earnings, whichever occurs first.

Your Disability must be the result of:
1. accidental bodily injury;
2. sickness;
3. Mental Illness;
4. Substance Abuse; or
5. pregnancy.

Benefit Management Services
Syracuse Disability Claim Office
P.O. Box 4871
Syracuse, NY 13221-4871
Fax (315) 385-5014

Your failure to pass a physical examination required to maintain a license to perform the duties of Your Occupation, alone, does not mean that you are Disabled."

"Essential duty means a duty that:
1. is substantial, not incidental;
2. is fundamental or inherent to the occupation; and
3. can not be reasonably omitted or changed.

To be at work the number of hours in your regularly scheduled workweek is also an Essential Duty."

"Your Occupation, if used in this Booklet-certificate, means your occupation as it is recognized in the general workplace. Your Occupation does not mean the specific job you are performing for a specific employer or at a specific location."

"You will be paid a monthly benefit if:
1. You become Disabled while insured under this plan;
2. You are Disabled throughout the Elimination Period;
3. You remain Disabled beyond the Elimination Period;
4. You are, and have been during the Elimination Period, under the regular Care of a Physician, and
5. You submit Proof of Loss satisfactory to us.

Benefits accrue as of the first day after the Elimination Period and are paid monthly."

We based our decision to deny your claim on policy language. All the papers contained in your file were viewed as a whole. This included:

- The Employee Section of the Application for Long Term Disability Income Benefits received on November 1, 2004.
- The Employer Section of the Application for Long Term Disability Income Benefits received on October 15, 2004.
- The Attending Physician's Statement signed by Dr. Sabnis on October 24, 2004.
- Office notes and medical records from Dr. Sabnis for the period May 2004 to present.
- Office notes from Dr. Romano for the period September 2004 to November 2004.
- Job description and demands received by your Employer on October 15, 2004.
- Occupational Analysis information completed by a Vocational Rehabilitation Clinical Case Manager on November 10, 2004.

The information in your file shows that you last worked for Citizens Communication on July 20, 2004 as a Collections Consultant. You are claiming Disability due initially to symptoms of pregnancy, nausea and vomiting and later sciatica. After the 90-day Elimination Period as defined above, if you meet the provisions of the policy, LTD benefits would normally start on October 18, 2004.

To meet the definition of Disability above, you must be unable to perform the duties of your occupation. The Job Description and other Employer information in your file show that your occupation is classified as sedentary work. The Occupation Analysis completed by our Vocational Rehabilitation Clinical Case Manager shows that the Essential Duties of Your Occupation in the general workplace includes occasionally standing, walking, mostly sitting, The job duties require one to receive and initiate the following via telephone and computer: customer contacts, handle billing inquires, prepare adjustment vouchers, handle customer correspondence, generate transactions to customers billing records. To perform these duties, you must be able to sit throughout the day, occasionally stand and walk, frequently keyboard. You may occasionally lift and/or carry up to 20lbs, however this does not appear to be an essential duty of your occupation.

We reviewed all of the medical information in your file to decide if you meet the definition of Total Disability throughout and beyond the Elimination Period. We have medical information from each of the providers listed in this letter.

The medical information submitted by Dr. Sabnis shows that he submitted a medical work slip stating effective 6/28/04 you should work partial days beginning in July 2004. The office note of 7/2/04 shows you complained of constipation, nausea and vomiting. Your weight on that day was 242lbs. You were seen again on 7/24/04, weight at this office visit was 244lbs. You again complained of severe nausea vomiting. You reported to Dr. Sabnis you had a problem with your work place, and requested a note for work, as you reported you were unable to work due to nausea and vomiting and this impaired your ability to answer the phones at work.

You underwent a Sonogram on 8/13/04 which showed marginal placenta previa. The office visit of 8/21/04 showed your weight to be 250lbs. You again reported vomiting in morning. You were given the medication Reglan. You also complained of lower backaches and throbbing at the tailbone. Dr. Sabnis suggested you use a maternity girdle .

You contacted Dr. Sabnis on 8/31/04 via telephone and asked if taking medications, framemine, Regalan, and Valtrex was alright while you were on a cruise. You than went on a seven day cruise. The office visit of 9/17/04 showed your weight was 255lbs. You reported problem of sciatic nerve pain and that you were still vomiting. Dr. Sabnis recommended that you see a chiropractor. On your office visit of 9/23/04, your weight was 255lbs. No problems or complains were noted. At your office visit of 10/7/04, your weight was 260lbs. You complained that your left hip was bothering you. On 10/15/04 you reported you wanted to go back to work with some restrictions, 4 hours per day, and the ability to be able to get up if you needed to or when your left hip bothered you.

While you may have had pregnancy related symptoms of nausea/vomiting, your weight continued to increase at each office visit while on medication for these symptoms. It also appears that while you may have had these symptoms, they did not appear to be of such severity as to prevent you from working or going on a scheduled cruise. In addition, you reported symptoms of sciatica, left hip pain. While you may have had these symptoms as well, there is insufficient medical documentation showing that these symptoms would have prevented you from performing the duties of your occupation on a full time basis.

We have concluded from the combination of all the medical information in your file that you were able to perform your sedentary occupation of answering phones and computer work and that your nausea and vomiting and sciatica were not severe enough to prevent you from working until your estimated delivery date of 1/10/05.

We considered all of the evidence in your claim file in making our decision. The LTD policy states that benefits are payable if you are Disabled throughout and beyond the policy's Elimination Period. The combined information in your file does not show that you were unable to perform the Essential Duties of Your Occupation on a full time basis at the time you stopped working as well as throughout the policy's Elimination Period which would end on October 17, 2004. Because you were not Disabled throughout and beyond the Elimination Period, we must deny your claim for LTD benefits.

We reserve all rights and defenses available to us in making this determination.

The Employee Retirement Income Security Act of 1974 (ERISA) gives you the right to appeal our decision and receive a full and fair review. You may appeal our decision even if you do not have new information to send us. You are entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records and other information relevant to your claim. If you do not agree with our denial, in whole or in part, and you wish to appeal our decision, you or your authorized representative must write to us within one hundred eighty (180) days from your receipt of this letter. Your appeal letter should be signed, dated and clearly state your position. Along with your appeal letter, you may submit written comments, documents, records and other information related to your claim.

Once we receive your appeal, we will again review your entire claim, including any information previously submitted and any additional information received with your appeal. Upon completion of this review, we will advise you of our determination. After your appeal, and if we again deny your claim, you then have the right to bring a civil action under Section 502(a) of ERISA.

Please send your appeal letter to:

Claim Appeal Unit
Benefit Management Services
Hartford Life Insurance Company
P.O. Box 2999
Hartford, CT 06104-2999

If you have any questions, please feel free to contact our office at (800) 538-0134, x55732. Our office hours are 8:00 AM to 6:00 PM EST, Monday through Friday.

Sincerely,

Nancy L. D Agostino, Examiner
Hartford Life and Accident Insurance Co.