

THE
HARTFORD

August 18, 2005

Colleen Corcoran
43 Woodlawn Avenue
Middletown, NY 10940

Policy Holder:    Citizens Communications Company
Claimant:         Colleen Corcoran
Policy Number:    GLT674949

Dear Ms. Corcoran:

This letter concerns the above referenced Long Term Disability claim. As you are aware, we are currently considering an appeal of our decision as requested by your letter dated 5/10/05 which was received by The Hartford on 5/16/05. We have completed our review and find that satisfactory proof of continued Disability throughout and beyond the Elimination Period has not been provided.

After again reviewing the pertinent documents and evidence in the claim file, we uphold our denial. Please refer to our letter dated 1/20/05 letter which lists the evidence contained in the claim file. Our decision to uphold the denial of your claim is based upon that evidence, your letter dated 5/10/05, and the following additional information:

1. 8/23/04 FMLA approval memo from your employer
2. 9/20/04-3/7/05 Medical Records from Professional OBS-GYN of Orange County, LLP
3. 11/10/04 Letter from James Romano, DC
4. 11/11/04 Orange Regional Medical Center
5. 6/6/05 Telephone call to the office of James Romano, DC
6. 8/17/05 University Disability Consortium Medical Report

On page 7, in the Benefits section of the booklet certificate it states, "You will be paid a monthly benefit if:
1. you become Disabled while insured under this plan;
2. you are Disabled throughout the Elimination Period;
3. you remain Disabled beyond the Elimination Period;
4. you are, and have been during the Elimination Period, under the regular care of a Physician; and
5. you submit Proof of Loss satisfactory to us."

Page 2
Colleen Corcoran

On page 14, in the Termination section of the booklet certificate it states, "If you are granted a leave of absence according to the Family and Medical Leave Act of 1993, your Employer may continue your coverage up to 12 weeks, or longer if required by state law, following the date your coverage would have terminated, subject to the following:
1. the leave authorization must be in writing;...".

On page 15, in the General Provisions section of the booklet certificate it states, "Proof of Loss may include but is not limited to the following:
   1. documentation of:
   a) the date your Disability began:
   b) the cause of your Disability;
   c) the prognosis of your Disability;...".

It further states on page 15, "All proof submitted must be satisfactory to us."

On page 18, in the General Provisions section of the booklet certificate it states, "We have full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Group Insurance Policy."

A review of your file finds that you were employed as a Collections Consultant and claimed Disability as of 7/21/04 due pregnancy complications, sciatic nerve and depression. On 1/20/05 your claim was denied because it was determined that you did not meet the policy definition of Disability. You appealed this determination on 5/10/05 contending that you have been Disabled due to a back injury and pregnancy since the summer of 2004. Additional information was provided to support your claim.

Your file was forwarded to University Disability Consortium for referral to an independent physician for review. In a 8/17/05 report Andrea Wagner, MD addresses your physical limitations and states, "The record documents complaints of back and leg pain related to pregnancy. The record is notable for a lack of any objective information. The record does not contain a complete orthopedic neuromuscular examination. The limitations reported are solely based on Ms. Corcoran's subjective self-reported pain complaints.

The record fails to provide any objective evidence of any condition from a musculoskeletal point of view which would require significant restrictions or limitations upon Ms. Corcoran's functionality. Ms. Corcoran was treated for just three sessions. Dr. Romano's contact was so limited it was Dr. Romano's view that he could not provide a functional assessment."

Dr. Wagner further states, "In summary, based on all the available medical evidence from 7/21/04 to 10/17/04 and beyond, there is no medical basis to support a requirement for functional limitations and restrictions."

Page 3
Colleen Corcoran

In the same report Shereen Beverly, MD addresses your obstetrical limitations and states, "Therefore, after review of all the records from the time period from 7/21/04 through 10/17/04, it appears that the claimant should have the capacity to work. There is no indication, as stated previously, that she is incapacitated enough to not go on a cruise and, to request actually going back to work, in spite of her subjective symptoms.

After 10/17/04, it appears that the claimant had a severe enough incidence of pain on 11/11/04 to send her to the Emergency Room, but the medical record after this Emergency Room visit does not appear to contain as many complaints about the claimant's back pain as previous records do.

The claimant did undergo a Cesarean section (1/22/05) and typically patients are taken off of work at approximately 36 weeks until anywhere from six to eight weeks after delivery of the baby.

Therefore, based on the available medical records, documentation does not support impairment for disability during the time stated and disability should follow that of a normal pregnancy. Typically the state will allow disability beginning at 36 weeks to end eight weeks after the delivery via Cesarean section."

In order to be eligible for benefits satisfactory proof of continued Disability throughout and beyond the Elimination Period must be provided.

A medical review of the evidence provided does not support any limitations until 36 weeks gestation or 12/29/04 based on a 1/18/05 estimated date of confinement. Insufficient psychological medical information has been provided to determination any limitations related to depression.

It our determination that satisfactory proof of continued Disability throughout and beyond the Elimination Period has not been provided. Therefore, we are upholding the denial of your claim.

Although your LTD insurance coverage can be continued while on an approved FMLA this would have expired prior to 12/29/04. As such, you were no longer insured as of the date Disability commenced.

Please be advised that we are closing your file at this time, and no further review will be conducted with respect to your appeal. If you have any questions regarding this matter, please feel free to contact me at (860) 843-9351.

Page 4
Colleen Corcoran

You are entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records and other information relevant to this claim. You may bring a civil action under Section 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA").

Sincerely,

Daniel H. Connors, BMS Appeal Specialist
Hartford Life and Accident Insurance Company